# CIRCUIT COURT OF LOUDOUN COUNTY

Leonard G. Poland,
Personal Representative
and Executor of the Estate
of Leonard Vincent Poland

    v.

Potomac Family Practice et al.

March 15, 2000

Case No. (Law) 21569

BY JUDGE THOMAS D. HORNE

This matter is before the Court on the motion of defendant Nhu-Nga Truong, M.D., for the entry of judgment notwithstanding the verdict or, in the alternative, for a new trial. In addition, defendant Loudoun Health Services requests that the Court enter summary judgment on its cross-claim for indemnity against co-defendant Nhu-Nga Truong, M.D.

The Court sees no reason to restate the arguments contained in plaintiff's submission in opposition to defendant Truong's motion. They ably set forth the reasons why defendant's motion should fail. Accordingly, the Court adopts the arguments of the plaintiff and will deny the motion for entry of judgment notwithstanding the verdict or for a new trial. A review of the record supports the conclusion that the evidence supported the jury verdict and that the Court committed no errors of law that would justify granting the relief sought.

One issue raised by defendant Truong, however, is deserving of some further comment by the Court: to wit, the issue of the "missing witness" instruction. Instruction No. 20 informed the jury as follows:

> If you believe that a party, without explanation, fails to call an available witness who has knowledge of necessary and material facts,

you may assume that the witness's testimony would have been unfavorable to the party who failed to call the witness.

The instruction was taken from the Model Jury Instructions. Although caution is advised in the granting of such an instruction, its use in civil cases is appropriate where justified by the evidence. This was such a case.

The law respecting the granting of a missing witness instruction is summarized in *Neely v. Johnson*, 215 Va. 565 (1975). Justice Compton, writing for the Court, describes the rule as follows:

> The essential elements of the rule, which must be supported by the evidence to justify an instruction thereon, are availability and materiality of the witness. *Availability* may be translated as the power of the party to produce. Probable availability rather than actual availability may be sufficient depending upon the state of the evidence in each case. The lack of power or nonavailability may be due to the person's absence from the jurisdiction, his illness, the party's ignorance of the whereabouts of the witness, the person's testimony being inadmissible, or other like circumstances. "Available" is equated to "control" in some cases, *that is, the witness is available if he "is in such relationship with the party that it is likely that his presence could be procured."* Nonavailability may be explained and the inference, or presumption, rebutted when the litigant explains the absence. Moreover, when the person is equally available to both parties, "the failure to produce is *open* to an inference *against both parties*, the particular strength of the inference against either depending" on the facts and circumstances of each case.
>
> *Materiality* in this context means that the person's testimony has "a certain or probable bearing on the proper determination of" the case.

*Id.* at 573-74 (authorities omitted).

It has been stated that "the rationale of the rule is generally accepted — that the adverse inference is justified in circumstances where it is appears that the witness' testimony would have been produced but for the party's apprehension about what it would reveal." Alan Stephens, Annotation, *Adverse Presumption or Inference Based on Party's Failure to Produce or Examine Witness with Employment Relationship to Party*, 80 A.L.R. 4th 405, 415 (1990).

An examination of the record herein reveals that the instruction is supported both in form and substance.

Dr. Truong relied upon a nurse to relay significant test results to Vincent Poland. Counsel for Dr. Truong alluded in opening statement to this practice and suggested that such evidence was germane to the issue of the doctor's compliance with the standard of care in treating the patient; that is, to show that she took steps to ensure that the patient was properly informed. Both Dr. Truong and the nurse were acting at the time in the employ of defendant Potomac Family Practice.

Vincent Poland, by way of a *de bene esse* deposition, testified as to what he was told by the nurse. Neither Dr. Truong nor the plaintiff called the nurse as a witness. Dr. Truong offered no evidence as to the nurse's absence.

Plaintiff made the *prima facie* showing as to the availability and materiality of the nurse necessary for application of the missing witness rule. *See Neely*, 215 Va. at 573. The nurse was a person sufficiently known to Dr. Truong that the doctor relied on her to convey vital information concerning a patient's health to that patient. Her identity and whereabouts are matters peculiarly available to Dr. Truong and Loudoun Health Services. It was for the defendant to produce some evidence as to her nonavailability. *See* Stephens, Annotation, 80 A.L.R. 4th 405. As noted earlier, the record is devoid of any such evidence.

The witness was not equally available to the plaintiff. Dr. Truong was in a far superior position to know the particulars of her testimony.

The evidence of the nurse was material to the case. Dr. Truong conceded that she did not speak with Vincent Poland on the 25th or 26th of April concerning his test results. Instead, the nurse made the communication. As previously indicated, counsel for defendant alluded during his opening statements to the doctor's practice of instructing the nurse as to the manner in which patients should be notified. Immediately following opening statements, counsel for plaintiff objected to this statement and any evidence relating to steps taken by the doctor to inform patients. *Ligon v. Southside Cardiology Assoc.*, 258 Va. 306 (1999).

During her testimony, Dr. Truong did not respond affirmatively to the following question: "So, whatever Vince was told by the nurse would have been what you said to the nurse, and your feeling at that time was [the] bleeding is secondary most likely to hemorrhoids; correct?" (Tr. at 56, December 15, 1999.) Had Dr. Truong conceded the statement of the nurse to have been as related by Vincent Poland, the instruction would not have been necessary. Not having done so, the defendant is not in a position to challenge the instruction.

Mr. Shevlin may draw a Final Order denying the motions of defendant Truong and entering judgment on the jury verdict.

Loudoun Health Services is entitled to recover upon the cross-claim for indemnity. Accordingly, the Court finds that Loudoun Health Services is entitled to be fully indemnified and held harmless by Nhu-Nga Truong, M.D., against any liability or damage arising from the $360,000.00 judgment. In addition, counsel for Loudoun Health Services shall submit an affidavit of attorneys' fees with the proposed, fully endorsed order.